# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILISA THOMAS, | CASE NO. 1:11-CV-00995-DLB PC |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND (DOC. 1) |
| SHERIFF DEPARTMENT OF KERN COUNTY, | RESPONSE DUE WITHIN THIRTY DAYS |
| Defendant. | |

## Screening Order

### I. Background

Plaintiff Tilisa Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing her complaint on June 16, 2011. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous [or] malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.   Summary of Complaint

Plaintiff is currently incarcerated at the California Institution for Women located in Corona, California. The alleged events at issue in this action occurred while Plaintiff was incarcerated in the Kern County Jail. Plaintiff names the Sheriff's Department of Kern County as defendant.

Plaintiff alleges the following: On March 6, 2001, Plaintiff was arrested for possession of narcotics. At the downtown jail in Bakersfield, California, she was stripped searched and asked to spread her buttocks while squatting and coughing. She was held in jail for 72 hours and then released when the district attorney failed to file within the allotted time.

Plaintiff was rearrested on October 18, 2005. She was strip searched at the downtown jail in Bakersfield, California. When transferred to the Lerdo facility, she was strip searched again.

Plaintiff now seeks monetary damages.

## III.   Analysis

Plaintiff appears to claim that the Defendant Kern County Sheriff's Department violated her constitutional rights by subjecting her to strip searches each time she was arrested. The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull v. San Francisco, 595 F.3d 964, 974–75 (9th Cir.2010) (en banc). Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. See Bell v. Wolfish, 441 U.S. 520, 561, 99 S.Ct. 1861, 60

L.Ed.2d 447 (1979). The Fourth Amendment right to be secure against unreasonable searches extends to incarcerated prisoners, but the reasonableness of a particular search must be determined by reference to the prison context. See *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir.1988).

Plaintiff does not claim that the searches were unreasonable or conducted in an abusive manner. Rather, she objects because she felt embarrassed and belittled. She does not allege facts from which in can be inferred that the strip searches violated her constitutional rights.

Insofar as Plaintiff alleges that her federal rights were violated solely because she was strip searched at the county jail each time she was arrested, she cannot establish a claim if she was to be housed in the general population. See *Bull*, 595 F.3d at 966, 982 (finding San Francisco's policy of conducting strip search, including visual body cavity search, of all arrestees before they are "introduced" into county jail population is constitutional). Plaintiff has not provided sufficient detail in her complaint to establish a constitutional violation.

### IV.     Conclusion And Order

Plaintiff fails to state a cognizable claim against Defendant. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order to the extent she is able to do so. Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

3

1  complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567
2  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,
3  114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 31, 2012**             /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE