# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILISA THOMAS, | Case No. 1:11-cv-00995-DLB PC |
| Plaintiff, | **ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| v. | |
| SHERIFF'S DEPARTMENT OF KERN COUNTY, et al., | ECF No. 10 |
| Defendants. | |

**I.   Background**

Plaintiff Tilisa Thomas ("Plaintiff") was formerly a prisoner in the custody of the California Department of Corrections and Rehabilitation.  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On June 16, 2011, Plaintiff filed her complaint. ECF No. 1.  On January 31, 2012, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend.  ECF No. 9.  On March 5, 2012, Plaintiff filed her first amended complaint.  ECF No. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the pleader
4 is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6 do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
7 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
8 claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual
9 allegations are accepted as true, legal conclusions are not. *Id.*

10 **II.    Summary of First Amended Complaint**

11       Plaintiff was previously arrested and detained at Kern County Jail in Bakersfield, California.
12 Plaintiff names The Sheriff's Department of Kern County as the sole Defendant.
13 Plaintiff alleges the following. On March 6, 2001, Plaintiff was arrested for possession of narcotics.
14 At the downtown jail in Bakersfield, California, she was stripped searched and asked to spread her
15 buttocks while squatting and coughing. She was held in jail for 72 hours and then released when the
16 district attorney failed to file within the allotted time.

17       Plaintiff was rearrested on October 18, 2005. She was strip searched at the downtown jail in
18 Bakersfield, California. When transferred to the Lerdo facility, she was strip searched again.

19       Plaintiff now seeks monetary damages for the belittlement and humiliation that she
20 experienced.

21 **III.    Analysis**

22       Plaintiff again claims that the Defendant Kern County Sheriff's Department violated her
23 constitutional rights by subjecting her to strip searches each time she was arrested. The Fourth
24 Amendment applies to the invasion of bodily privacy in prisons and jails. *Bull v. San Francisco*, 595
25 F.3d 964, 974–75 (9th Cir. 2010) (en banc). Prisoners and pretrial detainees in institutional settings
26 may be subjected to strip searches and body cavity searches if they are conducted in a reasonable
27 manner. *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979). The Fourth Amendment right to be secure
28 against unreasonable searches extends to incarcerated prisoners, but the reasonableness of a

particular search must be determined by reference to the prison context. *See Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988).

Plaintiff does not claim that the searches were unreasonable or conducted in an abusive manner. Rather, she objects because she felt embarrassed and belittled. She does not allege facts from which in can be inferred that the strip searches violated her constitutional rights.

Insofar as Plaintiff alleges that her federal rights were violated solely because she was strip searched at the county jail each time she was arrested, she cannot establish a claim if she was to be housed in the general population. *See Bull*, 595 F.3d at 966, 982 (finding San Francisco's policy of conducting strip search, including visual body cavity search, of all arrestees before they are "introduced" into county jail population is constitutional). Plaintiff has not provided sufficient detail in her complaint to establish a constitutional violation.

## IV.  Conclusion and Order

Plaintiff again fails to state a claim upon which relief may be granted. Plaintiff was previously provided with the opportunity to amend her complaint to cure the deficiencies identified, but failed to do so. Further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that this action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **September 28, 2012**              /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE

3